UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL ROY,

                Plaintiff,

-against-

U.S. DEPARTMENT OF HOMELAND SECURITY, U.S. CITIZENSHIP AND IMMIGRATION SERVICES, ALEJANDRO N. MAYORKAS, and UR JADDOU,

                Defendants.

24-CV-8763 (AS)

ORDER TO SHOW CAUSE

ARUN SUBRAMANIAN, United States District Judge:

      Plaintiff filed this Administrative Procedure Act and mandamus action against the Department of Homeland Security (DHS), U.S. Citizenship and Immigration Services (USCIS), Alejandro Mayorkas (in his official capacity), and Ur Jaddou (in her official capacity) on November 18, 2024. Dkt. 1. In his complaint, plaintiff claimed that venue is proper in the Southern District of New York under 28 U.S.C. § 1391(e) "because [p]laintiff resides in this judicial district and no real property is involved in the action." *Id.* ¶ 7. But the complaint also stated that plaintiff resides at "536 39th Street, Brooklyn, NY 11232," which suggests that venue is proper instead in the Eastern District of New York. *Id.* ¶ 10.

      The Court issued an order on November 20, 2024 instructing plaintiff to either file an amended complaint that alleges venue in the Southern District or voluntarily dismiss the case for refiling in the Eastern District of New York. Dkt. 4. On November 25, 2024, plaintiff filed an amended complaint. Dkt. 5. In his amended complaint, plaintiff argues that venue is proper in this District under § 1391(e) because "Defendant U.S. Citizenship and Immigration Services district officer [that] handles asylum petitions is located in Manhattan." *Id.* ¶ 7. He says nothing about the other defendants and does not explain why the presence of a USCIS district officer in Manhattan is sufficient to allege proper venue in the Southern District of New York. The amended complaint reiterates that plaintiff resides at "536 39th Street, Brooklyn, NY 11232." *Id.* ¶ 10. And it appears that the events from which plaintiff's claim arises occurred at the Newark Asylum Office, which is in Newark, New Jersey and thus in the District of New Jersey. *Id.* ¶¶ 18–41.

      Section 1391(e) states that in cases where a defendant "is an officer or employee of the United States or any agency thereof acting in his official capacity . . . or an agency of the United States, or the United States," venue is proper where "(A) a defendant in the action resides," "(B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part

of property that is the subject of the action is situated," or "(C) the plaintiff resides if no real property is involved in the action." 28 U.S.C. § 1391(e)(1). By **December 13, 2024**, plaintiff must file a letter explaining to the Court why this case should not be transferred to the Eastern District of New York pursuant to 28 U.S.C. §§ 1404(a) or 1406(a).

    SO ORDERED.

Dated: December 2, 2024
       New York, New York

                      ARUN SUBRAMANIAN
                      United States District Judge